UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOUSSA DIARRA,

                    Plaintiff,

        -against-

THE EMBASSY OF IVORY COAST;
ANDREW CUOMO, GOVERNOR OF NEW
YORK,

                    Defendants.

21-CV-6880 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in the Dekalb County Jail, Decatur, Georgia, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Diarra v. Trump*, ECF 5:21-CV-0287, 4 (M.D. Ga. Aug. 13, 2021) (listing strikes). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges

> Based on intentional wrong and misidentification issues relating to fraud by U.S. government and state of Georgia Plaintiff/or Petitioner has been deprive[d] of various enjoyment, loss of opportunities, employment, and targeted by local agencys, government to place Petitioner/or Plaintiff in jail settings to further scheme, plots, and plan related to identity fraud, and related crimes including

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Fourth Amendment violation – regarding patents, copyrights infringements of Plaintiff intellectual property.

(ECF No. 1 at 3.)[2] Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule.[3] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[4] *Id.*

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 17, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Page numbers refer to those generated by the Court's electronic case filing system.

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).